UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL DORR,

               Plaintiff,

                                      CASE NO. 2:13-cv-14526

v.                                  JUDGE SEAN F. COX
                                      MAGISTRATE JUDGE PAUL KOMIVES

WELLS FARGO BANK, N.A.,
Successors in Interest or Assigns,

               Defendant.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO DISMISS (docket #2)**

I.      <u>RECOMMENDATION</u>: The Court should grant defendant's motion to dismiss.

II.     <u>REPORT</u>:

A.     *Background*

     Plaintiff Carol Dorr, through counsel, commenced this action on August 6, 2013, in the

Genesee County Circuit Court.  Defendant Wells Fargo Bank, N.A., removed the action to this Court

on October 29, 2013, pursuant to 28 U.S.C. §§ 1331, 1332, 1441(b).  Taken in the light most

favorable to plaintiff, the allegations in the complaint and the documents attached to defendants'

motion to dismiss[1] establish the following.

     On March 23, 2007, plaintiff purchased her home at 13119 River Rock Pass, Linden,

Michigan, officially described as "Unit 45, STONY BROOK CONDOMINIUM, according to the

Master Deed thereof, as recorded in Instrument No. 200405170054541, and First Amendment to the

Master Deed recorded in Instrument No. 200605050044089, Genesee County Records . . . ." *See*

_____

     [1]As explained in part B, *infra*, these documents may be considered by the Court without
converting defendants' motion to dismiss into a motion for summary judgment.

Compl., ¶ 1; Def.'s Br., Ex. A. To finance the purchase, plaintiff received a loan from Bayview Financial Group in the amount of $136,500, which was secured by a mortgage in favor of Bayview. The mortgage named Bayview as the lender and Mortgage Electronic Registration Systems, Inc. (MERS) as the nominee for the lender. The mortgage and note were assigned to defendant Wells Fargo on September 24, 2012. Both the initial mortgage and the assignment were recorded. *See* Def.'s Br., Exs. B-D. Although the parties dispute what lead up to plaintiff's default, it is undisputed that plaintiff defaulted on the loan. On September 17, 2013, plaintiff was sent written notice of the default, and on December 3, 2012, she was sent an acceleration notice and the notices required by MICH. COMP. LAWS § 600.3205. *See* Def.'s Br., Exs. E-G. A sheriff's sale occurred on February 6, 2013, and plaintiff's 90-day statutory period for redeeming the property expired on August 6, 2013. *See id*., Ex. I.

Plaintiff commenced this action on August 5, 2013, one day prior the expiration of the redemption period. Although plaintiff does not dispute that she defaulted on the loan, she does contest the reasons leading to that default. Plaintiff alleges that she contacted defendant to inform it that she was facing financial hardship and was having difficulty making her monthly payments. *See* Compl., ¶ 8. Defendant advised her that in order to modify the loan agreement she would have to stop making her regular monthly payments. Defendant did not advise her that this would put her in default under the loan agreement. *See id*., ¶¶ 9-10. Plaintiff stopped making her regularly monthly payments, and submitted the required paperwork to defendant to obtain a loan modification. *See id*., ¶¶ 11-13. Despite this, plaintiff was denied a loan modification. *See id*., ¶ 14. In her complaint, plaintiff asserts five claims based on these allegations: (1) fraudulent misrepresentation; (2) estoppel; (3) negligence; (4) violation of the Michigan "Fair Debt Collection Practices Act"; and

(5) violation of the Federal Fair Debt Collection Practices Act (FDCPA).  Plaintiff seeks injunctive

relief in the form of an order setting aside the sheriff's sale and rescinding the underlying loan, or

alternatively an order reforming the note and mortgage, as well as monetary damages.

The matter is currently before the Court on defendant's motion to dismiss or, alternatively,

for summary judgment, filed on November 1, 2013.  Defendant argues that plaintiff lacks standing

to bring any claim relating to the title to the property because the redemption period has expired.

With respect to the individual claims, defendant argues that: (1) plaintiff's fraudulent

misrepresentation claim (a) is not pleaded with particularity as required by Rule 9(b), (b) fails to

state a claim, (c) is barred by the mortgage, and (d) is barred by the statute of frauds; (2) plaintiff's

estoppel claim is barred by the statute of frauds; (3) plaintiff's negligence claim is barred because

the parties' relationship is governed by a written contract; (4) Michigan does not have a "Fair Debt

Collection Practices Act," and to the extent plaintiff is asserting a claim under Michigan's

Regulation of Collection Practices Act the claim fails as a matter of law; and (5) plaintiff's FDCPA

claim fails because defendant is not a "debt collector" under the FDCPA.  Plaintiff filed a response

to the motion on December 6, 2013, and defendant filed a reply on December 13, 2013.

B.      *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided

for in FED. R. CIV. P. 12(b)(6).  In order for a court to dismiss a complaint for failure to state a claim,

it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting

his claim that would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The

party asserting the claim is not required to specifically set out the facts upon which he or she bases

his claim.  *Id*. at 47.  Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P.

3

8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47. However, as the Supreme Court has recently explained, bare legal conclusions need not be accepted by the Court, and a pleading must contain sufficient factual allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can

4

> choose to begin by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth. While legal conclusions can
> provide the framework of a complaint, they must be supported by factual allegations.
> When there are well-pleaded factual allegations, a court should assume their veracity
> and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (parallel citations omitted).

To the extent that plaintiff alleges fraudulent conduct on the part of defendant, such allegations must satisfy the heightened pleading requirement of Rule 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal quotation omitted).

Ordinarily, a court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). However, Rule 10 provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." FED. R. CIV. P. 10(c). Thus, the Court may consider the exhibits attached to plaintiff's complaint in deciding whether the complaint states a claim upon which relief may be granted. *See Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) (in deciding a motion to dismiss, the court may consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."); *Realtek Indus., Inc. v. Nomura Secs.*, 939 F. Supp. 572, 575 n.1 (N.D. Ohio 1996). Further, "[a] court may consider a document that is not

formally incorporated by reference or attached to a complaint if the document is referred to in the complaint and is central to the plaintiff's claim" without converting the motion to dismiss into one for summary judgment. *Welch v. Decision One*, No. 12-10045, 2012 WL 4008730, at *2 (June 25, 2012) (Randon, M.J.) (citing *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)), *magistrate judge's report adopted*, 2012 WL 4020976 (E.D. Mich. Sept. 12, 2012) (Rosen, J.); *see also*, *Nixon v. Wilmington Trust Co.*, 543 F.3d 354, 357 n.2 (6th Cir. 2008). Thus, the court may consider the mortgage documents attached to defendant's motion without converting the motion into a motion for summary judgment.

C.   *Analysis*

1.   *Standing*

As an initial matter, plaintiff lacks standing to raise any state law claims challenging the validity of the foreclosure and Sheriff's sale, or to seek injunctive relief relating to the property itself. Under Michigan law,[2] a property owner in default has six months following a foreclosure sale

---

[2]I note that Michigan law applies to plaintiff's state law claims. In resolving the parties' state law claims, the Court must apply the substantive law of the state. 28 U.S.C. § 1652 ("The laws of the several states . . . shall be regarded as rules of decisions in civil actions in the courts of the United States, in cases where they apply."); *see also, Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). In determining the appropriate source of law, the Court applies the choice of law rules of Michigan, the state in which this Court sits. *See Klaxon v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941); *International Ins. Co. v. Stonewall Ins. Co.*, 86 F.3d 601, 604 (6th Cir. 1996); *Security Ins. Co. v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1005 (6th Cir. 1995). Under Michigan choice of law rules, a court "will apply Michigan law unless a 'rational reason' to do otherwise exists. In determining whether a rational reason to displace Michigan law exists, we undertake a two-step analysis. First, we must determine if any foreign state has an interest in having its law applied. If no state has such an interest, the presumption that Michigan law will apply cannot be overcome. If a foreign state does have an interest in having its law applied, we must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests." *Sutherland v. Kennington Truck Serv., Ltd.*, 454 Mich. 274, 286, 562 N.W.2d 466, 471 (1997). No other state has an interest with respect to plaintiff's claims. The fraud alleged in the complaint relates to a mortgage securing real property in Michigan and which was executed in Michigan. Second, the mortgage agreement itself provides that the mortgage is "governed by federal law and the law of the jurisdiction in which the Property is located." Def.'s Br., Ex. C, ¶ 16. In *Chrysler Corp. v. Skyline Indus.*

6

in which to redeem the property by paying the amount owing, *see* Mich. Comp. Laws § 600.3240(8),  and once this period expires "all of plaintiff's rights in and title to the property are extinguished." *Overton v. Mortgage Electronic Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009); *see also*, Mich. Comp. Laws § 600.3236.  Thus, "[u]pon the expiration of the redemption period, all of [plaintiff's] rights in and title to the property were extinguished, and she no longer had a legal cause of action to establish standing." *Awad v. General Motors Acceptance Corp.*, No. 302692, 2012 WL 1415166, at *4 (Mich. Ct. App. Apr. 24, 2012).  Although plaintiff undoubtedly had standing under Article III of the Constitution, *see Houston v.*

---

*Servs.*, 448 Mich. 113, 528 N.W.2d 698 (1995), the Michigan Supreme Court explicitly adopted the approach of the *Restatement (Second) of Conflicts of Laws*.  The *Restatement* approach notes that the "[p]rime objectives of contract law are to protect the justified expectations of the parties and to make it possible for them to foretell with accuracy what will be their rights and liabilities under the contract." Restatement (Second) of Conflicts of Laws § 187 cmt. e (Supp. 1988) [hereinafter "Restatement"].  Thus, as a general matter, "[t]he law of the state chosen by the parties to govern their contractual rights and duties will be applied[.]" *Id.* § 187(1); *see Chrysler Corp.*, 448 Mich. at 125, 528 N.W.2d at 703. Third, both parties proceed on the assumption that Michigan law applies.  Choice of law issues do not involve a court's subject matter jurisdiction, and may be stipulated to by parties as a matter of contract.  For these reasons, there is substantial authority for the proposition that parties may stipulate during litigation the source of law governing their dispute.  *See Cates v. Morgan Portable Bldg. Corp.*, 780 F.2d 683, 687 (7th Cir. 1985); *Doe v. Nevada Crossing, Inc.*, 920 F. Supp. 164, 167 (D. Utah 1996); *Van Deurzen v. Yamaha Motor Corp. USA*, 688 N.W.2d 777, 781-82 (Wis. Ct. App. 2004).  By arguing solely in terms of Michigan, the parties have implicitly stipulated that Michigan law is controlling.  *See In re Apex Automotive Warehouse, L.P.*, No. 96 B 04594, 1999 WL 132849, at *3 (Bankr. N.D. Ill. Mar. 9, 1999); *cf. Columbia v. Prudential Ins. Co.*, No. 96-1521, 1997 WL 345728, at *2 (6th Cir. June 20, 1997) (party waived right to challenge applicability of Michigan law, notwithstanding contractual choice-of-law provision selecting New York law, where party argued merits in district court under Michigan law and failed to raise the contractual choice-of-law provision).  *See generally*, *Cates*, 780 F.2d at 687 ("[T]he parties to a lawsuit can, within broad limits, stipulate to the law governing their dispute; and an implied stipulation is good enough.").  Stated another way, "[w]here neither party argues that the forum state's choice of law rules require the court to apply the substantive law of another state, the court should apply the forum state's substantive law." *ECHO, Inc. v. Whitson Co.*, 52 F.3d 702, 707 (7th Cir. 1995); *see also*, *BBSerCo, Inc. v. Metrix Co.*, 324 F.3d 955, 960 n.3 (8th Cir. 2003); *Carbonic Prods. Co. v. Welding & Cutting Supply Co.*, No. 86-1730, 1987 WL 38061, at *1 (6th Cir. July 17, 1987) (per curiam); *Wilkes Assocs. v. Hollander Indus. Corp.*, 144 F. Supp. 2d 944, 949 n.4 (S.D. Ohio 2001). Accordingly, the Court should conclude that Michigan law governs plaintiff's claims.

7

*U.S. Bank Home Mortg. Wisc. Servicing*, 504 Fed. Appx. 543, 548 (6th Cir. 2012), with respect to any state law claims plaintiff is raising she must also satisfy any state law standing requirements applicable to her claim. *See Williams v. Pledged Property II, LLC*, 508 Fed. Appx. 465, 467-68 & n.2 (6th Cir. 2012). Because plaintiff did not redeem within the six month redemption period, plaintiff lacks standing under state law to pursue her state law claims challenging the foreclosure and sheriff's sale. *See id.* at 468.

    2.    *Fraudulent Misrepresentation*

Plaintiff alleges that defendant fraudulently misrepresented that she was eligible for a loan modification, which caused her to default on her mortgage. Defendant argues that it is entitled to dismissal of this claim because (a) plaintiff's fraud allegations are not pled with particularity, (b) the alleged promise was not fraudulent, (c) the fraud claim is barred by the mortgage, (d) the fraud claim is barred by the statute of frauds, and (e) plaintiff cannot show reasonable reliance.

The Court need not address each of these arguments, because it is clear that plaintiff's claim is barred by the statute of frauds. In relevant part, Michigan's statute of frauds provides:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>     (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>     (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>     (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

MICH. COMP. LAWS § 566.132(2). "This language is unambiguous. It plainly states that a party is precluded from bringing a claim—no matter its label—against a financial institution to enforce the

terms of an oral promise to waive a loan provision." *Crown Tech Park v. D & N Bank, FSB*, 242 Mich. App. 538, 548, 619 N.W.2d 66, 72 (2000). Based on this language, "'[c]ourts in this District have repeatedly held that misrepresentation claims based on alleged promises to modify home mortgages are barred by the Michigan Statute of Frauds.'" *McCann v. U.S. Bank, N.A.*, 873 F. Supp. 2d 823, 835-36 (E.D. Mich. 2012) (Ludington, J.) (quoting *Loeffler v. BAC Home Loans Servicing*, No. 11-cv-13711, 2012 WL 666750, at *5 (E.D. Mich. Feb. 29, 2012) (Borman, J.) (in turn citing *Jarbo v. BAC Home Loan Servicing*, No. 10-12632, 2010 WL 5173825, *11 (E.D. Mich. Dec. 15, 2010) (Edmunds, J.); *Bingham v. Bank of Am.*, No. 10-11917, 2010 WL 3633925, *2-3 (E.D. Mich. Sept. 14, 2010) (Cox, J.); *Ajami v. IndyMac Mortg. Servs.*, No. 09-13488, 2009 WL 3874680, *2 (E.D. Mich. Nov. 13, 2009) (Cohn, J.))); *see also*, *Liddell v. Deutsche Bank Nat. Trust Co.*, No. 13-13660, 2013 WL 5785888, at *4 (E.D. Mich. Oct. 28, 2013) (Drain, J.)

Further, plaintiff cannot state an actionable claim of fraud. Under Michigan law, the elements of actionable fraud are: "(1) that the charged party made a material representation; (2) that it was false; (3) that when he or she made it he or she knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he or she made it with the intention that it should be acted upon by the other party; (5) that the other party acted in reliance upon it; and (6) that the other party thereby suffered injury." *Novi v. Robert Adell Children's Funded Trust*, 473 Mich. 242, 253 n.8, 701 N.W.2d 144, 152 n.8 (2005). In *Liddell*, *supra*, the plaintiff made the same fraud claim made by plaintiff here, namely, "that the bank made a false representation that he was eligible for a loan modification, the loan modification was denied and Defendant should have known that Plaintiff would not qualify for a modification." *Liddell*, 2013

9

WL 5785888, at *3.[3]  In addition to rejecting this claim on statute of fraud grounds, Judge Drain also

explained that the claim failed as a matter of law:

> Plaintiff's fraud claim concerns an alleged broken promise of a future loan
> modification. However, "an action for fraudulent misrepresentation must be
> predicated upon a statement relating to a past or an existing fact." *HiWay Motor Co.*
> *v. Internat'l Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813 (1976). "Future
> promises are contractual and do not constitute fraud." *Id.*

*Id*. at *4.  Because plaintiff's fraudulent misrepresentation claim fails to state a claim and is barred

by the statute of frauds, the Court should grant defendant's motion for summary judgment.

3.      *Promissory Estoppel*

        Defendant is also entitled to dismissal of plaintiff's promissory estoppel claim, for the same

reason.  *See Liddell*, 2013 WL 5785888, at *4 ("[F]or the same reason that Plaintiff cannot state a

claim for fraud, he also cannot state a claim for promissory estoppel.").  As the Michigan Court of

Appeals has explained in rejecting the precise type of promissory estoppel claim asserted by plaintiff

here:

> Promissory estoppel is an equitable claim, *Crown Tech Park v. D & N Bank, FSB*,
> 242 Mich. App. 538, 548, 619 N.W.2d 66 (2000) . . . .  Plaintiffs' claim lacks merit,
> however, as a promise by a financial institution "to renew, extend, modify, or permit
> a delay in repayment or performance of a loan" must be in writing. MCL
> 566.132(2)(b). If the promise is not "in writing," "[a]n action shall not be brought
> against [the] financial institution to enforce" that promise. MCL 566.132(2). Given
> the plain language of the statute of frauds, the Legislature did not "intend[ ] to
> preserve promissory estoppel as a viable form of action against financial institutions
> to enforce oral loan modifications." *Crown Tech Park*, 242 Mich.App at 552.

Because Michigan law does not recognize a promissory estoppel cause of action based on an oral

---

[3]Also, as in this case, the plaintiff in *Liddell* alleged that "the bank advised him that he would
need to stop making his monthly mortgage payments in order to obtain a loan modification. Plaintiff
stopped making his payments and defaulted on his loan."  *Id.* at *1 (citation omitted).

agreement to modify a loan, defendant is entitled to dismissal of plaintiff's estoppel claim.  *See Polidori v. Bank of America, N.A.*, ___ F. Supp. 2d ___, ___, 2013 WL 5651432, at *7 (E.D. Mich. Oct. 15, 2013) (Duggan, J.); *Ferris v. Bank of America Corp.*, No. 11-cv-13104, 2013 WL 3497924, at *5-*6 (E.D. Mich. July 11, 2013) (Borman, J.).  Accordingly, the Court should conclude that plaintiff is entitled to dismissal of plaintiff's promissory estoppel claim.

      4.     *Negligence*

Likewise, the Court should conclude that defendant is entitled to dismissal of plaintiff's negligence claim.  "'A claim for negligent misrepresentation requires [a] plaintiff to prove that a party justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care.'"  *Dingman v. OneWest Bank, FSB*, 859 F. Supp. 2d 912, 921 (E.D. Mich. 2012) (Cohn, J.) (quoting *Unibar Maint. Serv., Inc. v. Saigh*, 283 Mich. App. 609, 769 N.W.2d 911) (2009)).  Because it is well established under Michigan law that a "lender does not owe a duty of care to a loan applicant," *Yaldu v. Bank of America Corp.*, 700 F. Supp. 2d 832, 845 (E.D. Mich. 2010) (Lawson, J.), plaintiff cannot allege a negligent misrepresentation claim.  *See Dingman*, 859 F. Supp. 2d at 921.  This rule applies equally in the context of alleged negligence with respect to a loan modification.  *See Maltbie v. Bank of America*, No. 1:12-CV-1002, 2013 WL 6078945, at *6 (W.D. Mich. Nov. 19, 2013); *Polidori*, ___ F. Supp. 2d at ___, 2013 WL 5651432, at *8; *cf. Ahmad v. Wells Fargo Bank, N.A.*, 861 F. Supp. 2d 818, 826-28 (E.D. Mich. 2012) (Cox, J., adopting report and recommendation of Michelson, M.J.).  Further, as with plaintiff's fraud and estoppel claims, plaintiff's negligence claim is barred by the statute of frauds.  *See Queener v. Bank of America, N.A.*, No. 13-13952, 2013 WL 6038869, at *2 (E.D. Mich. Nov. 14, 2013) (O'Meara, J.).  Accordingly, the Court should conclude that defendant is entitled to dismissal of plaintiff's

negligence claim.

     5.    *Michigan Regulation of Collection Practices Act*

Plaintiff next alleges that defendant mailed a debt validation letter to her while she was attempting to obtain a loan modification, putting her to the Hobson's choice of disputing the validity of a debt the terms of which she was attempting with the bank to modify. Plaintiff alleges that this communication violated MICH. COMP. LAWS § 445.252, part of the Michigan Regulation of Collection Practices Act. In relevant part, § 445.252 provides that "[a] regulated person shall not . . . [m]ak[e] an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt." MICH. COMP. LAWS § 445.252(e). Plaintiff has failed to allege how defendant's debt validation letter was in any way improper under this provision.

Plaintiff's claim relates to the December 3, 2012, letter sent to plaintiff by defendant's law firm, Trott & Trott, P.C.. That letter informed plaintiff that she was in default and that defendant had elected to accelerate the debt. It also indicated that the debt would "be assumed valid by this office, the creditor's law firm, unless you, the debtor/consumer, within thirty (30) days after the receipt of this notice, dispute the validity of the debt, or any portion thereof." Def.'s Br., Ex. F. The letter also included notices required by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g. Plaintiff has not pled any facts to show that the debt validation letter was in any way deceptive. She does not allege that the amount claimed as owing was incorrect, are that anything within the letter itself was inaccurate or misleading. As Judge Battani recently explained in rejecting an identical claim:

     In support of her claim, Mullins alleges that she received a debt validation letter while she was attempting to obtain a loan modification. She contends that the

12

letter was mailed so she would not dispute the validity of the debt because as a borrower trying to secure a loan modification, she would not dispute the validity of the debt she sought to modify.

The statute does not authorize a claim based upon a plaintiff's reluctance to dispute the validity of a debt because of the timing of the validation. Plaintiff does not allege that the amount was incorrect, and there is no basis to apply the RCPA to the allegations made in this case.

*Mullins v. Federal Nat. Mortg. Ass'n*, No. 13-12340, 2013 WL 5707798, at * (E.D. Mich. Oct. 21, 2013) (Battani, J.) (citation omitted).  Accordingly, the Court should conclude that defendant is entitled to dismissal of this claim.

> 6.      *FDCPA*

Finally, plaintiff asserts a claim under the Fair Debt Collection Practices Act, alleging that the debt validation letter was deceptive.  This claim fails as a matter of law.  By its terms, the statute applies only to "debt collectors," *see Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 457 (6th Cir. 2013), which is defined as a person who "attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  Thus, "a creditor is not a debt collector under the FDCPA."  *Joyner v. MERS*, 451 Fed. Appx. 505, 507 (6th Cir. 2011) (citing *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734-35 (6th Cir. 2007)).  Defendant is not attempting to collect a debt owed another.  Rather, defendant owns the debt and is plaintiff's creditor.  Thus, defendant is not subject to the FDCPA and is entitled to dismissal of plaintiff's FDCPA claim.

D.      *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff's complaint fails to state any claim upon which relief may be granted.  Accordingly, the Court should grant defendant's motion to dismiss.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Date: March 3, 2014                              s/Paul J. Komives                        
                                                 PAUL J. KOMIVES
                                                 UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 3, 2014.

                                                 s/ Kay Doaks          
                                                 Case Manager